Chief Judge Fuld (dissenting).
Although the magazines before us are inexcusably vulgar and tawdry, I do not see how, in the light of constitutional principles heretofore enunciated, they may be held obscene either under the tests laid down by our decisions (see People v. Richmond County News, 9 N Y 2d 578, 586-587; People v. Finkelstein, 11 N Y 2d 300, 304, 305; Larhin v. Putnam’s Sons, 14 N Y 2d 399; cf. People v. G. I. Distrs., 20 N Y 2d 104, 107) or under Federal standards. (See, e.g., Redrup v. New York, 386 U. S. 767; Conner v. City of Hammond, 389 U. S. 48; Felton v. City of Pensacola, 390 U. S. 340; Memoirs v. Massachusetts, 383 U. S. 413; Roth v. United States, 354 U. S. 476; see, also, People v. Noroff, 67 Cal. 2d 791, 794, n. 6.) “ [T]he price of freedom * * * of speech or of the press ”, as Justice Jackson reminded us in United States v. Ballard (322 U. S. 78, 95 [dissenting opn.]), “ is that we must put up with, and even pay for, a good deal of rubbish. ’ ’
I would, theref ore, .reverse .the judgment of conviction.